945 F.2d 417
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William H. WEBER, Petitioner,
v.
U.S. MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3310.
 United States Court of Appeals, Federal Circuit.
 Sept. 13, 1991.
 
 Before PLAGER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Weber appealed to the MSPB asking for review of his annual performance appraisal. The MSPB dismissed his appeal for lack of jurisdiction, as Weber had not first requested review from the Special Counsel. We affirm.
 
 OPINION
 
 2
 Weber works as a Tool and Parts Attendant, WG-6, for the Department of the Navy. For the one year period ending July 31, 1990, he received a performance appraisal rating of "fully successful."[1] Weber felt that his rating was kept lower than it should be, in response to his whistleblowing activities.
 
 
 3
 Weber appealed to the MSPB to review his appraisal rating. The Administrative Judge (AJ) issued an order to Weber to show cause why his appeal should not be dismissed for lack of appellate jurisdiction. Weber apparently responded[2] with argument that 5 C.F.R. § 1201.3(b) allowed an appeal based on an allegation that the action complained of was in response to his whistleblowing.
 
 
 4
 The AJ dismissed Weber's appeal for lack of jurisdiction. The AJ based her decision on the lack of evidence or argument that Weber had submitted his action to the Special Counsel prior to appealing to the MSPB.
 
 
 5
 An appraisal rating is appealable to the MSPB as an individual right of action, based on an allegation of whistleblowing, only after the employee seeks corrective action from the Special Counsel. See, 5 U.S.C. § 1214(a)(3) (1988); 5 C.F.R. § 1209.2(b)(1) (1991).[3] Weber must pursue his appeal first to the Special Counsel.
 
 
 
 [1]
 The performance appraisal ratings range from Level 1--unacceptable to Level 5--outstanding. Weber's rating of "fully successful" is Level 3
 
 
 [2]
 Weber's response is not in the record. However, the AJ's opinion of November 14, 1990 discusses Weber's submission in response to the Order to Show Cause
 
 
 [3]
 The example given in the regulations, immediately following section 1209.2(b)(1), is directly on point. 5 C.F.R. § 1201.3(b), cited by Weber in support of his contention that his appeal was properly brought directly to the MSPB, discusses appeals which are otherwise properly before the MSPB. Section 1201.3 does not create jurisdiction that does not otherwise exist